# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

PATRICIA GARDNER                                                                PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:14-CV-199-SA-DAS

WALGREENS and
DERRICK DANKINS                                                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion for Summary Judgment [38]. In the Notice of Removal [1], Defendant Walgreens asserted that removal was proper even though Defendant Dankins is a non-diverse party because he was improperly joined. Walgreens and Dankins now move for summary judgment and reassert their contention that this Court has jurisdiction. Before reaching the summary judgment analysis, the Court must first address the threshold issue of jurisdiction.

*Non-Diverse Defendant*

This case was removed by the Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Patricia Gardner is a citizen of Mississippi, and Defendant Walgreens is a foreign corporation with its principle place of business in Illinois. Defendant Dankins, however, is a citizen of Mississippi.

Defendants argue that Dankins was improperly joined because he was not the manager of the Walgreens store involved in this case, but instead, was the manager at a different Walgreens store at the relevant time. The Plaintiff has not offered any proof or argument in opposition to these assertions by the Defendants.

A federal court may exercise subject matter jurisdiction over a state action when the amount in controversy suffices and when there is complete diversity of citizenship between the *properly* joined parties. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (citing 28 U.S.C. § 1332 (a); *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). To establish improper joinder, the removing party must prove either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Lucien*, 756 F.3d at 793 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). The determination of the jurisdictional issue in this case turns on the second point, the inability to establish a cause of action. The court's inquiry into the reasonable basis for the plaintiffs state-court recovery is a "Rule 12(b)(6)-type analysis," although the court retains discretion to pierce the pleadings and conduct summary proceedings, including limited jurisdictional discovery. *Id*. Ultimately, "[t]he burden is on the removing party, and "any contested issues of facts and any ambiguities of state law must be resolved" *Id*. Thus, the question that this issue turns on is whether the Plaintiff has established a cause of action against Dankins.

Because this analysis is analogous to one under Rule 12(b)(6), the Court recites that familiar standard here. "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In this case, the Defendants have demonstrated through their pleadings and Dankins' affidavit [40-4] that Dankins was not present at the time of the incident, nor did he have anything to do with the management of the Starkville Walgreens location where the incident allegedly took place. The Plaintiff is on notice of the Defendants' claim of improper joinder by way of the Notice of Removal [1] and the reiteration of the same argument with additional proof in the Defendants' Motion for Summary Judgment [38]. After ample time, and a "reasonable opportunity" to offer contradictory proof and counter arguments, the Plaintiff has offered none. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

In deciding this issue, the Court has limited its inquiry to only the information necessary to make a determination about the chances of a claim against Dankins, and has avoided any inquiry into the resolution of this case on the merits. *See Lucien*, 756 F.3d at 793; *Smallwood*, 385 F.3d at 574. For these reasons, the Court finds that the Plaintiff has not established a claim for relief against Dankins, therefore Dankins was improperly joined in this action. Because a finding of improper joinder is tantamount to dismissal of the improperly joined party, complete diversity exists, and this Court has jurisdiction over Plaintiff's claims. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 347 (5th Cir. 2013) (holding finding of improper joinder is an effective dismissal); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990) (affirming summary judgment against improperly joined defendant because "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery").

*Summary Judgment*

On February 26, 2012, the Plaintiff went to the Walgreens store on Highway 12 West in Starkville, Mississippi. On her way into the store, the Plaintiff noticed a sign near the front

3

entrance. After completing her shopping, the Plaintiff was exiting the store when she suddenly tripped and fell to the ground sustaining various injuries. After falling to the ground, the Plaintiff noticed the sign beneath her, the apparent cause of her tripping. The Plaintiff claims she did not notice the sign when exiting. There is conflicting information before the Court as to whether the sign was stationary, upright, or collapsed at the time of Plaintiff's fall.

The Plaintiff's Complaint [2] contains various allegations of negligence against the Walgreens including failure to remove the sign which they should have known created a dangerous condition, failure to maintain the premises in a reasonably safe condition, failure to warn of a dangerous condition, failure to inspect, and failure to properly supervise, manage, and train employees. Walgreens moved for summary judgment, and the Plaintiff has not offered any response.

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence,

factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075. Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

Although the Plaintiff has not responded to the instant motion, Rule 56 makes it clear that there is "no summary judgment by default" and the lack of a response by the Plaintiff does not alter the Court's summary judgment inquiry as outlined above. *See* FED. R. CIV. P. 56(e) advisory committee notes to 2010 amendments. Summary judgment may only be granted if it is appropriate to do so. *See* FED R. CIV. P. 56(a) The Fifth Circuit has held that "although '[a] motion for summary judgment cannot be granted simply because there is no opposition' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)).

*Premises Liability in Mississippi*

The analysis of premises liability claims, like the ones in this case, under Mississippi law requires a determination on three fronts: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (¶12) (Miss. 2004)). It is undisputed that the Plaintiff was a business invitee at the relevant times.

A premises owner has a duty of reasonable care, to "maintain its premises in a reasonably safe condition," but a premises owner is "not an insurer of the safety of invitees." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (¶15) (Miss. 2008); *see Wood*, 556 F.3d at 275. This includes a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care, and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199–1200 (quoting *Gaines v. K–Mart Corp.*, 860 So. 2d 1214, 1216 (¶5) (Miss. 2003)). The breach of either duty supports a claim of negligence. *Id.* at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (¶20) (Miss. 2005). "The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the [court] may reasonably conclude that due care would have discovered it." *Stelly v. Barlow Woods, Inc.*, 830 F. Supp. 936, 941 (S.D. Miss. 1993). (quoting W. Prosser & K.P. Keeton, Handbook of the Law of Torts § 61 (5th ed. 1984)).

Here, the Court must determine if any genuine issues of material fact exist as to whether a dangerous condition existed, and if so, whether Walgreens knew or should have known about the condition, and then rectified the condition or warned the Plaintiff. The burden of proof is on the Plaintiff to demonstrate all these elements of her negligence claim. *Stelly*, 830 F. Supp. at 941.

There is a question in this case as to whether the sign was an unreasonably dangerous condition. In an unpublished opinion, the Fifth Circuit held that the question of whether a condition is unreasonably dangerous should be treated under Mississippi law the same as a question of negligence. *Parker v. Wal–Mart Stores, Inc.*, 261 Fed. App'x. 724, 726 (5th Cir. 2008). "[T]he question of negligence is for the jury 'unless the doing of the act which caused the injury complained of is not in dispute or conclusively appears from the evidence, and no inference except that of negligence or of no negligence can be justly drawn therefrom.'" *Kinstley v. Dollar Tree Stores, Inc.*, 63 F. Supp. 3d 658, 662-63 (S.D. Miss. 2014). Such is not the case here, Plaintiff and Defendant dispute the position and condition of the sign, as well as the existence of a dangerous condition. Because genuine disputes exist as to the existence of a dangerous condition, the analysis turns to the next element, whether Walgreens knew or should have known a dangerous condition existed.

As stated above, "[t]he mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the [court] may reasonably conclude that due care would have discovered it." *Stelly*, 830 F. Supp. at 941 (citation omitted). Further, there is "no liability [. . .] for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care." *Moore v. Winn-Dixie Stores, Inc.*, 173 So. 2d 603, 605 (Miss. 1965).

The Plaintiff has not offered any evidence of the character of the condition. In fact, Plaintiff's testimony indicates that she never noticed if the sign was upright, laying down, or even stationary at the time she exited the store. Similarly, the only evidence before the Court that goes to duration is the Plaintiff's testimony that the sign was upright and easily visible when she

arrived at the store. When questioned, Plaintiff was unable to offer any estimate as to how long she was in the store before exiting.

Other than the "conclusory allegations" in the Complaint [1], Plaintiff has not offered any proof that Walgreens had actual knowledge of any dangerous condition. *TIG Ins. Co.*, 276 F.3d at 759; *Recile*, 10 F.3d at 1097; *Little*, 37 F.3d at 1075. Even assuming Plaintiff could prove a dangerous condition existed, the Plaintiff has failed to establish that Walgreens knew a dangerous condition existed. In the alternative, Plaintiff has also failed to present evidence that any dangerous condition existed for a significant period of time, such that Walgreens should have known it existed.

Although there may be genuine issues of material fact as to whether a dangerous condition existed, the Plaintiff has failed to establish other necessary elements of her claims. Specifically, Plaintiff failed to establish that Walgreens knew or should have known that a dangerous condition existed. As stated above, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

*Conclusion*

The Court finds that the Plaintiff has failed to establish basic elements of her claims. For these reasons, Defendants' Motion for Summary Judgment is GRANTED, and this case is dismissed with prejudice. This case is CLOSED.

**SO ORDERED this the 16th day of October, 2015.**

                                            **/s/   Sharion Aycock**
                                            **UNITED STATES DISTRICT JUDGE**